*Decision will be entered under Rule 50.*

WILSON SHIPBUILDING COMPANY, A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34337. Promulgated January 14, 1932.

*Charles E. McCulloch, Esq.*, and *Ivan F. Phipps, Esq.*, for the petitioner.

*A. H. Fast, Esq.*, for the respondent.

184

OPINION.

VAN FOSSAN: We will consider the issues in the order named. The respondent added to the petitioner's income for the fiscal year ending June 30, 1918, the sum of $72,122.84 as "depreciation charged off." During that year the petitioner received no income from Government contracts. Its principal revenue was derived from repairs to small fishing boats and river craft. Its net income was reported at $5,620.08. It charged off no sum on account of depreciation in arriving at this figure of net income. Respondent was in error in adding the sum of $72,122.84 to petitioner's income.

Exclusion of the item of $72,122.84 and the adoption of the remaining computation as made by the respondent results in a net income of $5,058.90. We find this amount to be the correct net income of the petitioner for the fiscal year ending June 30, 1918.

We have found as a fact that the petitioner's amortization period extended from January 1, 1918, to January 31, 1920, inclusive. That period may be taken as the basis for applying the allowance for amortization, which should be spread in proportion to the net income in the respective taxable years within the amortization period. *G. M. Standifer Construction Corporation,* 4 B. T. A. 525; *Williams Harvey Corporation,* 16 B. T. A. 752, *Crowninshield Shipbuilding Co.,* 24 B. T. A. 925.

The residual value of the petitioner's building, machinery and equipment, exclusive of land, constituting its war plant on January 31, 1920, was $45,000. That amount may be taken as a factor in computing the amortization allowance.

Section 234 (a) (8) of the Revenue Act of 1918 provides as follows:

(a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

&ast;     &ast;     &ast;     &ast;     &ast;     &ast;     &ast;

(8) In the case of buildings, machinery, equipment, or other facilities, constructed, erected, installed, or acquired, on or after April 6, 1917, for the production of articles contributing to the prosecution of the present war, and in the case of vessels constructed or acquired on or after such date for the transportation of articles or men contributing to the prosecution of the present war, there shall be allowed a reasonable deduction for the amortization of such part of the cost of such facilities or vessels as has been borne by the taxpayer, but not again including any amount otherwise allowed under this title or previous acts of Congress as a deduction in computing net income. &ast; &ast; &ast;

Article 181 of Regulations 62 defines the respondent's construction of the foregoing provision as follows:

All allowances made to a taxpayer by a contracting department of the Government, or by any other contractor, for amortization specifically as such, shall be treated as a reduction of the cost of the taxpayer's plant investment. Further amortization is allowable only in respect of such reduced cost. Where no such allowance has been made the amount of amortization to be allowed as a deduction from gross income, for the purpose of the tax, shall be computed in accordance with the provisions of articles 181 to 189, pursuant to which the deduction must be made, and not upon the basis of any amount contractually or otherwise determined.

The settlement contract between petitioner and the Shipping Board provided for a cash payment of $250,000 in full satisfaction of all claims. There was no itemization of allowances and the contract indicated no allowance for amortization specifically as such. The testimony is that this was a lump-sum settlement. There is no contrary evidence and the fair inference supports the conclusion that no amortization was contained in the allowance of $250,000. We are of the opinion that petitioner is entitled to amortization. *G. M. Standifer Construction Corporation, supra; Peninsula Shipbuilding Co.*, 9 B. T. A. 1189.

The petitioner concedes deficiencies for the fiscal years ending June 30, 1918, and June 30, 1923, in the amounts of $151.77 and $1,262.10, respectively. Adjustments in conformity with this opinion will be made in the income and excess-profits taxes due for those years.

*Judgment will be entered under Rule 50.*